**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 16-0212-WS** |
| | ) | |
| **MIGUEL ANGEL QUINTERO-ENRIQUES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant Miguel Angel Quintero-Enriques' *pro se* filing styled "Motion to Reduce My Sentence" (doc. 89). In the Motion, defendant objects that his sentence was "not fair" and that he is being "punished … for drugs that weren't mine." He further states that he never had any prior legal trouble in his 22 years of living in Baldwin County, Alabama, that he paid his taxes, that he has now spent two years in the Baldwin County Jail, and that he has not received "any fair help."

The Court file reflects that Quintero-Enriques has a pending § 2255 Motion to Vacate, Set Aside or Correct Sentence (docs. 81 & 82) in this District Court, devoted in large part to claims of ineffective assistance of counsel at sentencing. To the extent that his new Motion to Reduce Sentence is redundant of that § 2255 Motion, it is properly denied as duplicative. Insofar as Quintero-Enriques intends to proceed under the sentence reduction provisions of 18 U.S.C. § 3582(c), he has not satisfied any of the statutory prerequisites for relief. And he has identified no other statute or principle of law or equity that might authorize the sentence reduction he seeks under these circumstances. It is well settled that sentencing courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). "Generally, a district court may not modify a term of imprisonment once imposed," except under the limited circumstances outlined in § 3582(c). *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). None of those circumstances are present here; therefore, this Court lacks authority to grant defendant's Motion and reduce his sentence on the stated grounds.

For all of the foregoing reasons, defendant's "Motion to Reduce My Sentence" (doc. 89) is **denied**. The Court further **certifies** that any appeal would be frivolous and would not be taken in good faith; therefore, Quintero-Enriques will not be allowed to appeal *in forma pauperis* from this ruling. His § 2255 Motion (docs. 81 & 82) remains pending and will be adjudicated separately in due course.

DONE and ORDERED this 7th day of November, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE